## E. P. FORNIQUET et al. *vs.* WM. H. TEGARDEN et al.

The statute of this State, Hutch. Code, 900, only provides for a bond of indemnity after a levy; and if an officer possesses any power to take an indemnifying bond before a levy, he must possess it by virtue of the common law.

An indemnifying bond taken by an officer before a levy, where there are doubts whether the property is subject or not to the execution, is not illegal and void; and such a bond given before a levy is valid.

Where there are doubts whether property is liable to be levied on by execution, a sheriff, before proceeding to levy, may apply to the court for protection, if one of the parties will not give him a sufficient bond of indemnity.

An engagement to indemnify a sheriff in the execution of a lawful, or apparently legal, act, is good; and an indemnifying bond given to him, in cases of disputed property in goods, to induce him to execute or not execute a *fieri facias* against such goods, is clearly lawful.

A sheriff has a right to require a bond of indemnity of the creditor, when he shall be directed to attach or levy on chattels, the property in which is questionable.

The plaintiff in an execution has the privilege of levying his execution upon all property that he believes subject to levy, he being held, at the same time, strictly liable in damages if he, by causing the levy to be made, commit a trespass; and the officer of the law whose assistance has been invoked, can require to be fully indemnified against any loss or damage he might sustain in the performance of his duty at the request of the plaintiff.

A bill of exceptions must be under seal, otherwise the court will not notice it.

IN error from the circuit court of Harrison county; Hon. W. P. Harris, judge.

The facts of the case are contained in the opinion of the court; and the question is simply whether a bond of indemnity given before a levy is made, is valid in law.

*John Henderson*, for appellants.

*D. Mayes*, for appellees.

Mr. Justice YERGER delivered the opinion of the court.

This record presents a question somewhat novel in this State, and one of considerable practical importance. Can a sheriff or other officer, in whose hands an execution has been placed, take a valid indemnifying bond before making a levy, where he has

Forniquet et al. *v.* Tegarden et al.

doubts, whether the property is subject to the execution or not?

The statute of this State, Hutch. Code, 900, only provides for a bond of indemnity after levy, and if an officer possesses any power to take the bond above indicated, he must possess it by virtue of the common law.

It is insisted that a bond given to an officer to induce him to do his duty or to do an unlawful act, as to commit a trespass, &c., is illegal and void; and that a bond of indemnity given before levy, is of that character, and therefore void. The general rule of law is certainly as contended for; but we do not think that an indemnifying bond taken by an officer before levy, where there are doubts whether the property is subject or not to the execution, is covered by the rule. As the sheriff is bound to execute a writ at his peril, he might subject himself to an action, either by seizing the goods or returning *nulla bona*, and accordingly it has been held, where there are doubts whether or not the goods are liable to be taken on *fi. fa.*, the sheriff, before proceeding with the execution, may apply to the court for protection, if one party will not give him a sufficient indemnity. Watson on Sheriff, 196.

In Chitty on Contracts, 526, the rule on this subject is thus stated: " An engagement to indemnify a sheriff in the execution of a lawful or apparently legal act is good, and indemnity bonds given to him in cases of disputed property in goods, and given to induce him to execute or not to execute a *fieri facias* against such goods, are clearly lawful." This rule was deduced from some early decisions on this subject, in which such bonds were declared valid. *Arundel* v. *Gardiner*, Cro. Jac. 652; *Blackett* v. *Crissop*, 1 Ld. Raym. 279. In several of the United States, the rule has been stated with equal force and precision. In Massachusetts it has been held, that an officer called upon to serve a precept, either by attaching property or arresting the person, if there be any reasonable grounds to doubt his authority to act in the particular case, has a right to ask for an indemnity. A sheriff has a right to require indemnity of the creditor, when he shall be directed to attach chattels, the property in which may be questionable. 4 Mass. R. 63; 2 Pickering, 289, 290.

9 *

Roach *v.* Bennett et al.

In the States of Indiana and Kentucky, the rule has been similarly established.    7 Blackford, R. 343 ; 6 Littell, 273.

It will thus be seen, that the precedents clearly establish the validity of such bonds ; and we think, that in justice and sound policy they may be upheld.

It is right and proper, that a plaintiff should have the privilege of levying his execution upon all property, that in good faith he believes to be subject to it, being held · at the same time strictly liable in damages, if, by causing the levy to be made, a trespass is committed on the property of a stranger to the execution ; and it is no less just and proper, that the officer of the law, whose assistance has been invoked, should be fully indemnified against loss or damage that he might incur, in the performance of an official duty at the instance of the plaintiff.

It is not deemed necessary to notice the alleged error committed by the court below, in giving an oral instead of a written instruction to the jury.   No exception was taken at the time, either to the instruction, or to the manner in which it was given. Besides, that portion of the transcript purporting to be a bill of exceptions taken on a motion for a new trial, and setting out these facts, has no seal to it, and cannot, therefore, be noticed.