## F. Y. Dabney *et al v.* W. J. Stackhouse, adm.

1. Lien—Priority of—Code 1857, Art. 260.—If the senior judgment creditor, having the prior lien, after the reception of the ten days' notice, neglects to sue out execution, until after the levy under execution on the junior judgment, then he loses his priority. M. and O. R. R. Co. v. Trotter, 36 Miss. R., 418.

2. Effect of this Statute.—The theory of our statutes has, under all the several changes therein, been to give the preference to the oldest judgment and lien, unless the oldest creditor, by some act of omission or commission, loses his priority. He is not affected by the negligence of the sheriff. Lucas v. Stewart, 3 S. & M., 231; Grand Gulf Bank v. Henderson, 5 Howard, 292.

3. Indemnifying Bond—Effect thereof.—When two executions in favor of two separate creditors are levied, the creditor executing the indemnifying bond would be entitled to the money; because the sale would be the effect of his superior diligence, risk and responsibility, although the senior judgment creditor executed a bond after the writ of *venditioni exponas* had been issued.

Error to the circuit court of the second district of Hinds county. Hon. George F. Brown, Judge.

The opinion of the court contains a sufficient statement of the case.

*S. M. Shelton,* for plaintiffs in error:

Insisted that the provisions of section 830 of the Code, correctly interpreted, means that the priority of lien shall not extend to creditors who fail, refuse or neglect, for ten days after the notice of the junior creditor has been served on them, to sue out executions for the satisfaction of their judgments, until the junior creditor has, by due diligence, caused his execution to be levied on the property; and that the notice does not require a levy of the execution within ten days, but only that the senior creditor proceed to levy by suing out the execution, and putting it in the sheriff's hands; that no delay on the sheriff's part can cause him to lose his lien. Robinson *et al.* v. Green *et al.,* 6 How., 228–9. But the burden of proof is on the junior creditor to show cause why the money should not be applied to the older judgment. No neglect or failure on the part of the senior creditor to enforce the judgment, would postpone his lien to

that of the junior creditor unless it were so gross as to amount to a fraud upon the rights of the junior, or resulted from a design to protect the debtor's property. Robinson et al. v. Green et al., 6 How., 223 ; Lucas v. Stewart et al., 3 S. & M., 231; Foule, use, etc., v. Campbell, 7 How., 337 ; Jones, use, etc., v. Bailey et al., 5 ib., 564 ; Grand Gulf Bank v. Henderson, ib., 292. The decisions, in these cases, were made upon the law as contained in Hutchinson's Code, but they equally apply to the law of 1871. Dabney's judgment should, therefore, have been entitled to the preference. M. and O. R. R. v. Trotter, 36 Miss., 418; Dibble v. Norton, Admr., 158; Mangum v. Finucane, 38 Miss., 354; Hunt v. Knox, 34 ib., 655; Swister v. Fitch, 1 S. & M., 541.

*Tim E. Cooper*, for defendant in error :

Contended that the statute was intended to protect those creditors who had used diligence in asserting their rights, and if the plaintiffs in error had been slothful they could not complain.

SIMRALL, J., delivered the opinion of the court:

This controversy arises upon the decision of the circuit court appropriating money arising on the sale of property under executions. Stackhouse, admr., has the junior judgment against Smith, but claims priority over Dabney and wife, who have the senior judgment, by virtue of certain advantages, claimed to have been obtained over them under a notice to issue and levy their execution. Both judgments were duly enrolled. Dabney and wife had, under a former execution, obtained partial satisfaction of their judgment, by a sale of the real estate of their debtor, Smith. Early in May, 1870, Stackhouse, admr., gave notice to Dabney and wife, to issue and levy their execution within ten days, otherwise he would proceed to levy, and would claim priority. Within the ten days, Dabney and wife sued out a *pluries* writ of *fi. fa.*, which was placed in the hands of the sheriff. Shortly after the expiration of the ten days, Stack-

house, admr., also took out execution, which was delivered to the sheriff. The officer having both writs, was about to levy upon personal property, but desisted because of a claim set up by a third person. He notified both judgment creditors that he required indemnifying bonds. The attorney for Stackhouse, admr., directed him to proceed, and that a bond would be given shortly before the return term of the writ. A levy was then made under both executions, but the property was not sold under the writs. Subsequently, and before the sale under the *venditioni exponas* writs, Dabney and wife also executed to the sheriff a bond of indemnity.

On these facts, which of these judgment creditors is entitled to the money? The interpretation put upon the statute Code of 1857, articles 260 and 261, in Mobile and Ohio Railroad v. Trotter, 36 Miss. Rep., 418, was that, if the senior judgment creditor, having the prior lien, after the reception of ten days' notice, did not, by his negligence, take out execution until after the levy under execution on the junior judgment, then he lost his priority. In that case, both executions were in the hands of the sheriff, but he only levied the junior one. That, it was said, was not shown to be the fault of the senior creditor, and the failure of the sheriff to make the levy was not allowed to prejudice him.

In this case, the elder creditor has these advantages over the prior creditor in the case referred to: He did sue out his writ within the ten days. The sheriff actually levied it upon the property. But he is subject to this disadvantage, that he did not give the bond of indemnity until after the writs of *venditioni exponas*, the effect of which we will presently consider. The theory of our statutes has, under all the several changes therein, been to give the preference to the oldest judgment and lien, unless the oldest creditor, by some act of omission or of commission, loses his priority; he must himself be the cause of the postponement; it is not affected by the negligence of the sheriff. If the elder creditor has regularly issued the process, he will not be

postponed to a younger creditor who has shown property to the sheriff. Lucas v. Stewart, 3 S. & M., 231, and Robinson v. Green, 4 How., 223. Nor will the failure of the sheriff to levy for several terms, unless by the creditor's interference, defeat his lien. Talbot v. Melton, 9 S. & M., 9; Grand Gulf Bank v. Henderson, 5 How., 192.

Prior to the revision of 1857, the statute (see Hutch. Code, p. 900) authorized the sheriff to take from the creditor for whose benefit the levy was made, a bond of indemnity, *after* a seizure of property under the writ. In Forniquet v. Tegarden, 24 Miss., 96 (in 1852), the question was made whether a bond taken *before* a levy was valid. The former statute was brought forward in the revision of 1857, with the addition that the sheriff may demand the bond after he has levied, " or shall be about to levy." P. 527, art. 275. This article is literally incorporated in the revision of 1871, § 844.

When the sheriff was about to make the seizure, under both the executions of these contestants, he was informed of an adverse claim to the property, and thereupon required bonds from both creditors. He was told by the attorney of Stackhouse, administrator, to proceed, and before the return day of the writ he should be indemnified. The bond was accordingly executed, and both writs were levied. The deputy sheriff, who conducted the business, stated in his testimony, that he would not have levied but for the indemnity, and that, having both writs, he executed both, relying upon the bond given by Stackhouse to indemnify him for the consequences of the act. If the sale had been made on the return day of the execution, the case would have come directly within the rule laid down in Townsend & Milliken v. Henry *et al.*, 26 Miss. Rep., 205.

There executions in favor of two separate creditors were levied upon the property. They may have been of equal liens; that does not, however, distinctly appear. One creditor gave the indemnity; the other declined. It was held that the creditor who gave the bond

was entitled to the money, " because the sale was the result of his superior diligence, risk and responsibility." By the bond he assumed all the responsibility the · sheriff was under. If the bond had not been given by Stackhouse, the sheriff, under the statute, could have released the levy, and "delivered the property to the person from whose possession it was taken." The executions were issued May 8, 1872, and levied June 8th, thereafter. Stackhouse executed the bond the 7th of June; Dabney and wife, in September, after the issuance of the *venditioni exponas.*

Fairchild, the deputy sheriff, who had charge of the business at the Raymond office, states in his testimony that he would not have made the levy unless the bond of indemnity had been given. He further says " that he would not have levied the Dabney execution, except for the fact that I [he] was protected by the bond given by Stackhouse, and would not have levied the Dabney execution without, at the same time, levying the Stackhouse execution, in order that the bond might protect me [him]." "The reason for levying the Dabney judgment" was, that "it was in his hands, and Stackhouse had indemnified," etc.

It is shown affirmatively that the seizure of the property under the writs was because of the superior diligence and risk incurred by Stackhouse, and that, but for his indemnity, the property would have been restored to Smith, or no levy would have been made. This view of the subject brings the case within the reason of the rule laid down in the case cited. Dabney did not give bond until Stackhouse had, by his action, induced the officer to proceed. Without his superior diligence, and the responsibility assumed, the levy would have been released, and there could have been no writs of sale. It was not until it was an assured fact that the levy would stand, and a sale be made, that Dabney executed his bond.

We think that Stackhouse, administrator, is entitled to the money, and therefore affirm the judgment.