SCHARFF BROS. & CO. ET AL. *v.* E. ZIMMERMAN, TRUSTEE, ETC.

JUDGMENT-LIEN.   *Priority.   How preserved.   Notice under sect. 1737 of Code of 1880.*

If the holder of a judgment with a prior lien acquired by enrollment as provided in sect. 1736 and 1737 of the Code of 1880, upon being notified by a judgment-creditor having a subsequently acquired judgment-lien, to proceed in the collection of his judgment, causes an execution to be issued and placed in the hands of the sheriff, that is all the law requires of him in the preservation of his lien, and he is not required to point out to the sheriff the property subject to the execution.

APPEAL from the Circuit Court of Warren County.

Hon. WARREN COWAN, Judge.

Scharff Bros. & Co. had a judgment against A. B. Reading which was enrolled on the 27th day of April, 1876. Margarette Tarleton had a judgment against Reading which was enrolled on the 27th day of June, 1876. E. Zimmerman, trustee, etc., had a judgment against Reading which was enrolled on the 10th day of June, 1877. Shortly after the rendition of the above judgments executions were issued on all of them and returned *nulla bona*. Subsequently E. Zimmerman, trustee, etc., discovering property of the defendant subject to execution, gave the ten days' notice required by sect. 1737 of the Code of 1880 to Scharff Bros. & Co. and

Margarette Tarleton, calling upon them to levy their execu-
tions. Before the expiration of the ten days Scharff and
Tarleton sued out executions upon their judgments, and
placed them in the hands of the sheriff. After the ten days
had expired E. Zimmerman, trustee, etc., sued out an execu-
tion upon his judgment, and directed the sheriff to levy it
upon certain designated property of the defendant, which was
accordingly levied upon and sold, realizing $1,436. The
other two executions were levied after the levy of the Zim-
merman execution. The sheriff returned the money with all
three of the executions into court, and requested the court to
make the proper application of the money. The court ap-
plied the money to the Zimmerman judgment, and the other
two judgment-creditors appealed to this court.

M. Marshall, for the appellants.

" Where the judgments are equal he who first sues out his
execution turns the scale in his favor, and gains a priority by
his vigilance." Burney v. Boyett, 1 How. 42. If neither judg-
ment was a lien it would then be " a race of diligence between
the parties." Bottus v. Edrington, 30 Miss. 582. The prior
judgment-lien " can only be defeated or postponed by some
act of the creditor which is deemed fraudulent in law as against
other creditors." Smith v. Everly, 4 How. 185. " The lien
of the elder judgment could be displaced only by the negli-
gence of the plaintiffs." Dibble v. Norton, 44 Miss. 165.
" The theory of our statutes has, under all the several
changes therein, been to give the preference to the oldest
judgment and lien, unless the oldest creditor by some act of
omission or commission loses his priority; he must himself
be the cause of the postponement, it is not affected by the
negligence of the sheriff. If the elder creditor has regularly
issued the process he will not be postponed to a younger cred-
itor who has shown property to the sheriff." Dafney v.
Stackhouse, 49 Miss. 515, 516 ; Lucas v. Stewart, 3 Smed. &
M. 231 ; Robinson v. Green, 4 How. 223.

*Shelton & Crutcher*, for the appellee.

We submit that under our Code there are two rules in relation to the priority of judgments : —

1. Judgments take precedence in the order of their enrollment.

2. But if a junior creditor, who by the exercise of diligence, discovers property of the debtor and gives notice to a senior creditor, and the latter fails within ten days to cause his execution to be levied on the property,— whether that failure arise from neglect, or because the senior creditor has failed to exercise similar diligence in finding it as the junior creditor has,— then, upon the pointing out of the property by the junior creditor to the sheriff, and the levy of his execution thereon, the money will be applied in satisfaction of the junior judgment. The following cases are cited : *R. R. Co.* v. *Trotter*, 36 Miss. 417 ; *Dibble* v. *Morton, Admr.*, 44 Miss. 162 ; *Virdon* v. *Robinson*, 59 Miss. 33 ; *Dabney* v. *Stackhouse*, 49 Miss. 513 ; *Currie* v. *Lamkin*, 51 Miss. 91.

COOPER, J., delivered the opinion of the court.

The priority of liens provided in favor of enrolled judgments according to their seniority by sect. 1737 of the Code of 1880 is not lost to the senior creditor by his failure to point out to the sheriff property of the defendant which is subject to levy and sale. If, on being notified by a junior creditor to proceed in the collection of his judgment, he sues out execution and places it in the hands of the proper officer, he has done all that the law requires him to do for the preservation of his priority. The fact that the junior creditor, by the exercise of unusual diligence, acquires information of the existence of property of the defendant subject to execution and points it out to the officer, does not subordinate to the lien of his judgment those of others which, are senior, and the owners of which are not in default. Superior diligence on the part of the junior creditor will not alone give him priority ; there must also be sloth, negligence, or fraud on the part of the creditor

in the senior judgment. *Robinson* v. *Green*, 4 How. 223 ; *Lucas* v. *Stewart*, 3 Smed. & M. 231; *Mobile and Ohio R. R.* v. *Trotter*, 35 Miss. 416 ; *Dabney* v. *Stackhouse*, 49 Miss. 513.

The judgment is reversed and cause remanded.