## *OSWELL SMITH v. ROBERT A. ROBINSON.

1. PROMISE TO INDEMNIFY OFFICER NOT AGAINST PUBLIC POLICY.

Where chattels which a sheriff is about to take in execution, are claimed by a stranger to the writ, and there is doubt as to their ownership, his oral promise to indemnify the officer against loss from leaving them in his possession, and to pay to the officers their value if they shall be found to have been the property of the execution debtor, is not void as being against public policy.

2. NOT WITHIN STATUTE OF FRAUDS.

Such promise is original, and not within the statute of frauds.

ERROR to the Court of Common Pleas of Fayette county.

A reversal of the judgment of the court of common pleas is sought upon the ground that that court erred in rendering final judgment against Smith upon a general demurrer to his petition. The substance of the petition is as follows: On the 20th day of April, 1877, Smith was sheriff of Fayette county, holding an execution for $1,730.00, issued at the instance of one John Leaverton, upon a judgment which he had recovered against one William Snyder. On that day he returned the writ with the following endorsement: "Received this writ April 20, 1877. By command of this writ I did, on April 20, 1877, at half-past eight o'clock P. M. levy on the following chattels, to-wit: 100 head of sheep, weighing about 120 pounds each; about 170 head of fat hogs, weighing about 250 pounds each, taken as the property of William Snyder. The above property was levied on by me, but it being claimed by R. A. Robinson, and being satisfied the property was his, it was returned by me. Returned this writ June 19, 1887, for want of goods and chattels found in my county whereon to levy. Oswell Smith, sheriff."

The petition further states that this levy was made at the instance of Leaverton's attorney, and upon his representation that said chattels belonged to the execution defendant; that at the time of the levy the sheep and hogs were fat, and in condition for market, and were in the stock-pens of the railroad company, with cars in waiting for their shipment to the Pittsburg market; that immediately upon the making of the levy Robinson claimed that he was the owner of the chattels, and it was then "considered" by him, the sheriff, Snyder and Leaverton's attorney, that it would be for the best interest of all that the stock should be shipped to Pittsburg and sold as had been intended, leaving the parties to settle their rights to the proceeds of sale; that thereupon Smith, with the assent of all parties, prepared and was about to ship the stock to Pittsburg with a view to having it sold, and the proceeds returned to him, when Robinson, still insisting and representing that he was the owner of the stock, and that it would be greatly to his advantage to ship it and have it sold by his agent, and the proceeds returned to him in the usual course of his business, promised and agreed that if the sheriff would permit him to ship and sell the stock, and receive the proceeds thereof, he would protect and save him from all loss, liability and damages that might result to him, and in favor of Leaverton, on

* This case was dismissed by the supreme court for want of preparation, January 20, 1891, and motion to reinstate overruled February 24, 1891.

account thereof; that believing Robinson's representations to be true, and relying upon his promise, he surrendered the stock to Robinson, to be shipped and sold by him, and returned the execution as above stated; Robinson shipped the stock to Pittsburg, where he received for it $270.78.

May 11, 1878, Leaverton brought suit against Smith on his bond as sheriff to charge him and his sureties with a liability for releasing the stock to Robinson. At the commencement of Leaverton's suit, Robinson, in pursuance of his said agreement, employed counsel to defend, and paid all the expenses of the litigation. In the court of common pleas a judgment was rendered in the action, at the January term, 1882, in favor of Leaverton, and against Smith and his sureties, for $2,293.90, and the costs of suit. March 12, 1885, the supreme court affirmed that judgment, and remanded the cause for execution. A writ of execution was thereupon issued, whereupon on the 17th day of October, 1885, Smith, at the special instance and request of Robinson, and in consideration of a promise which he then made to return to him the amount in a few days if he would discharge the execution, and to prevent the seizure of his property and that of his sureties, paid the amount due upon Leaverton's execution, being $2,948.42. On demand made therefor Robinson refused to perform his contract, and the prayer of Smith's petition is for a judgment for the amount last named, with interest from the date of payment.

In the court of common pleas a general demurrer to this petition was sustained, and the petition dismissed.

C. A. Palmer, for plaintiff.

The promise sued is not within the statute of frauds, for it is Robinson's original undertaking. Black v. Cole, 22 Pick., 97; Thomas v. Cook, 15 Eng. Law & Eq., 333; Chapin v. Merrill, 4 Wend., 657; Chapin v. Lapham, 20 Pick., 467; Ferrill v. Maxwell, 28 O. S., 387; May v. Joseph, 34 O. S., 22.

Nor is Robinson's promise void as against public policy. Miller v. Rhoades, 20 O. S., 494; Bouvier's Dictionary, 697; 1 Bouvier Institutes, sec. 780; Clark v. Foxcroft, 6 Greenl., 295; Coventry v. Barton, 17 Johns., 142; Hunter v. Agee, 5 Humph., 37; How v. Allen, 2 Met., 53; 2 Met., (Ky.) 500; Shriver v. Harbaugh, 37 Pa., 399; Patterson v. Anderson, 40 Penn., 359; Bond v. Ward, 7 Mass., 123; Parker v. Cole, 7 Clark (Iowa), 167; Hilliard Torts, 228.

Harrison, Olds & Marsh, also for plaintiff.

An indemnifying bond given to a sheriff, in cases of disputed property in goods, to induce him to execute or not execute a writ against such goods, is lawful. Forniquet et al. v. Tegarden et al., 24 Miss., 96; Watson on Sheriffs, 196; Chitty on Contracts, 196; 7 Black., 343; 6 Littell, 273; Shotwell v. Hamblin, 23 Miss., 156; Miller v. Goold, 2 Tyler, (Vt.) 439.

Mills Gardner and J. J. Harper, for defendant.

J. J. Harper, for defendant.

Bonds to be given to indemnify sheriffs against the consequences of going forward in the execution of writs are valid. But contracts of the character here presented are void as against public policy. Bishop on Contracts, sec. 470 *et seq.;* Winter v. Kinney, 1 Const., 365; Love v. Palmer, 7 Johns., 159; Webber v. Blunt, 13 Wend., 188; Orange County Bank v. Wakeman, 1 Cow., 46; Flackett v. Graham, 3 Salk., 75; Shotwell v. Hamblin, 23 Miss., 156; Wright et al. v. Lord Verney, 3 Doug., 240; Hodsden v. Wilkins, 7 Me., 113; Foster v. Clark, 19 Pick., 329; Denny v. Lincoln, 5 Mass., 385; Chitty Contracts, vol. 2, p. 999.

The sheriff can not contradict his return. Henry v. Stone, 2 Rand., 455; Murfree on Sheriffs, 475-76; 23 Miss., 156.

SHAUCK, J.

The promise of Robinson to indemnify the sheriff against all demands of the execution creditor was original, and made solely for his own benefit. It was not collateral to the engagement of any third person. It was not, therefore, within the statute of frauds. Mays v. Joseph, 34 O. S., 22.

Is the promise void as being against public policy? It is clear that the sheriff did not pursue the mode pointed out by the statute (sec. 5444) to determine the rights of a third person claiming chattels which he had taken in execution. Nor, in view of his failure in that regard and his voluntary surrender of the chattels to Robinson in reliance upon his promise, can it be claimed that he discharged his duty to the plaintiff in the execution. Many of the cases cited, since they go to this extent only, are not helpful upon the question presented. The proposition made by counsel as discriminating among the cases upon this subject and supporting the judgment below is, that although considerations of public policy permit courts to enforce such agreements as tend to stimulate public officers to go forward in the discharge of their duties, they forbid the enforcement of agreements by which officers seek to shield themselves from the consequences of failure in the performance of their duties. The cases cited show that at common law security taken *colore officii* as indemnity for the fraudulent escape of a party under arrest is void. In Wright et al. v. Lord Verney, 3 Doug., 240, the same conclusion was reached with respect to a bond taken by a sheriff to indemnify him for quitting possession of chattels belonging to the execution debtor which he had seized under his writ, and making a return of *nulla bona*. The report states only the conclusion of the court, but the ground of the decision was probably suggested by Buller, J., during the argument: "The condition recites 'that the sheriff had levied of the goods of Lord Verney,' therefore this is not a case of disputed property."

In Cole, adm'r v. Parker et al., 7 Clarke, (Ia.) 167, the court, proceeding upon considerations of public policy, determined that a bond given to a sheriff to induce him to omit the levying of a writ was utterly void. But the court distinctly recognized the authority of Burrall v. Acker, 23 Wend., 606, where, in a case of disputed title to chattels, a bond given to indemnify the sheriff for leaving it in the possession of a stranger to the execution was held valid.

In the case before us the sheriff neither found nor left the property in the possession of the execution defendant. Whether it was his duty to sell it under the writ depended upon the controverted question whether it belonged to the debtor or to Robinson. While it might be difficult to reconcile all that courts have said in the numerous cases cited by counsel, the conclusions reached are all consistent with the rule stated in Chitty on Contracts, 526: "An engagement to indemnify a sheriff in the execution of a lawful or apparently legal act is good, and indemnity bonds given to him in cases of disputed property in goods, and given to induce him to execute or not to execute a *fieri facias* against such goods, are clearly lawful." This rule is approved in Forniquet et al. v. Teegarden et al., 24 Miss., 96, and Shotwell v. Hamblin, 23 do., 156, and the same doctrine is recognized in many others of the cases cited.

It is further claimed that the demurrer was properly sustained because by the averments of his petition the sheriff sought to contradict his return of the execution. Perhaps the sheriff may contradict his return in a suit against one who was not a party where the return was made. Whether he may or not, we are not called upon to determine. The return and the petition both show that the property was taken in the possession of Robinson upon an execution against Snyder, and that Robinson claiming to be the owner of it, it was left with him.

The reasons which prompted the sheriff to pursue this course are not inconsistent. He may well have believed that Robinson's title was good, and yet have exacted the promise of indemnity if it should not be.

Upon the authorities we do not think that the law justifies the very high moral ground taken on behalf of Robinson, but rather that it requires him to perform the promise by which, according to the averments of the petition, he secured the proceeds of property which belonged to another.

The judgment will be reversed and the demurrer overruled.